The next case is the case of People of the State of Illinois v. Richard Brown. We have a waiver by the appellant, and we have Jennifer Camden, the appellant. You may proceed, Ms. Camden. Thank you, Your Honor. May it please the Court, I'm here today because this is an issue of first impression in the Illinois courts, and I want to make myself available for any questions that the Court might have about the issue raised by the defendant on appeal. Well, the defendant in this case was convicted of an armed robbery that was committed in 2009, and that date is important. He was sentenced to 22 years imprisonment, including a 15-year firearm sentencing enhancement based on his use of the firearm in commission of the crime, and it's the applicability of that enhancement that is at issue here. Now, in June 2007, the Illinois Supreme Court in People v. Housechild held that the enhancement violated the proportionate penalties clause of the Illinois Constitution, but the reason for that was that that penalty for armed robbery was then disproportionate to a crime with identical elements, armed violence predicated on robbery with the use of a firearm. However, subsequent to the Housechild decision, the Illinois legislature quickly stepped in and fixed the disproportionality problem by adopting Public Act 95-688, which amended the armed violence statute to remove robbery as a predicate offense for armed violence. So after 95-688, there is no other crime with identical elements, and People's answer brief argues that Housechild recognized that proportionate penalties problems can be fixed by a legislative amendment or by subsequent court decisions, and so for the reasons stated in the People's brief, we request that the Court affirm. Does the Court have questions about this issue? I kind of think that the armed robbery could have been with a knife. I beg your pardon? A firearm is an exception. There could have been a knife or a club, or couldn't there have been an armed robbery? I do believe that the armed robbery statutes separate out the different categories of weapons. Just said a dangerous weapon or something. What does it actually say? May I get my book? I have it. Well, do you remember? I'm afraid I don't. We'll check it out. Don't worry. Does the Court have other questions? Thank you, Mr. Chairman. Thank you. We'll take a matter on the advisory. It's case on a coin socket is the case of People of the State of Illinois v. Curtis J. Richard. We have Mr. George Evers, Mr. Ruth Collins, Mr. Patrick Daly for the appellate unit, and Mr. Evers. Good morning, Your Honors. It's a beautiful day out there, and we're talking about the People v. Richards, which is a guilty plea case from St. Clair County. He pled guilty to first degree murder. There was an agreement for a cap on the sentencing of 55 years, allowing for a sentence of between 20 and 55 years imprisonment to be imposed. We're raising two issues on appeal, the first one being standard kind of 604D certificate argument, and the second being whether the circuit court did not recognize that it had the discretion to consider a motion to reconsider sentence. Turning to the 604D certificate issue, the state admits in its brief that there was what they call a blending of language from 604D and Illinois Supreme Court Rule 651C relating to post-conviction petitions and certificate that are required to be filed in those cases. And it's that real problem that we are focusing upon and arguing to, Your Honors, that 604D was not complied with. First of all, Rule 604D uses the phrase contentions of error. The attorney is to consult with the defendant about contentions of error, and the guilty plea is supposed to be looking at the motion to withdraw a guilty plea and amending it with an eye towards raising contentions of error. Here, defense counsel used the phrase contentions of deprivation of constitutional right. And I want you to note that the attorney used that phrase three different times when he talked about how he consulted with the defendant, how he looked to amending the motion to withdraw a guilty plea, and how he was thinking about the arguments to be raised. The phrase contentions of deprivation of constitutional right is not what he is supposed to be focusing upon. He's supposed to be focusing upon why the circuit court should exercise its discretion in granting a motion to withdraw the guilty plea. And that discretion is not limited by just arguing constitutional rights and deprivation of constitutional right. Also, in Rule 604D, you're supposed to examine the entire trial court file. All that he certified in this instance is that he examined the entire record of the plea. He sentencing motion to withdraw a guilty plea in an appellate court decision he did not talk about, he did not certify about examining the trial court file. Consequently, this blending indicates that there is no strict compliance with Rule 604D and that this court should remand for further proceedings on the motion to withdraw a guilty plea. If there are no questions, I'll move on to the motion to reduce sentence. We are asking this court to remand to the circuit court for it to exercise its authority and discretion to rule upon the motion to reduce sentence. The circuit court stated on the record that it had no authority to rule upon this motion. Section 581C of the Unified Code of Corrections provides for the timing and the authority of the circuit court to rule upon motions to reconsider sentence. Now, there was a negotiated guilty plea in which 20 to 55 years imprisonment was to be imposed by the circuit court. The state points to Rule 604D and some cases by the Illinois Supreme Court as limiting and not allowing for a motion to reconsider sentence to be filed. But we will argue that that is not the case. Rule 604D provides for how an appeal is going to occur. What is the jurisdiction of this court? What would be the jurisdiction of the Illinois Supreme Court? Rule 604D starts out in the very first sentence as saying no appeal from a judgment upon a guilty plea of guilty shall be taken unless certain things are done. Later on in Rule 604D, the rule states no appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant within 30 days of the imposition of sentence files a motion to withdraw the plea of guilty and vacate the judgment. That does not say that no motion to reconsider sentence cannot be considered by the circuit court. That's governed by Section 581C, which provides for the filing of a motion to reduce sentence, a motion to reconsider sentence, within 30 days of the imposition of sentence. At common law, a trial judge was authorized to reduce a sentence when fairness and justice dictated. And we cite to a case in our brief, People v. Washington, an Illinois Supreme Court case from 1947 for that proposition. That was what the common law provided. When Section 581C of the Unified Code of Corrections was passed, that was not changed. That standard was not changed. When a circuit court is to reconsider a sentence, it's supposed to look at reducing a sentence when fairness and justice dictated. And that was decided in a case called People v. Hanna in a Fourth District Health Court case, which we also cite in our brief. Once that is in place, the circuit court has to rule upon the motion to reconsider sentence. It has the discretion, has authority to either grant the reduction or to affirm his sentence and say he's not going to reduce the sentence. But he's not allowed to say, I have no authority to rule upon this motion. In our brief, we cite to one Illinois Supreme Court case called Queen, which amply demonstrates that when the circuit court does not recognize it has the discretion, does not have the jurisdiction to rule upon something, then error has occurred. And the state will cite and argue to you some cases from the Illinois Supreme Court, Linder and Evans being the primary ones, in which the Illinois Supreme Court talks about what is allowed for a tax on appeal. When you focus upon what occurred in the circuit court, the circuit court was given the discretion, 20 to 55 years can be imposed. The state argues that once that 55 years was imposed, then its bargain is being hurt, its bargain is being attacked by the defendant. But the state in the circuit court agreed that the circuit court could impose 20 years imprisonment. If the court at the time of sentencing had imposed 20 years imprisonment, the state has no beef. It got exactly what it was bargaining for. Consequently, in terms of the motion to reconsider sentence, the state's bargain is not being impaired at all by the motion to reduce sentence. Consequently, we ask your honors to remand the case to the circuit court for a hearing on a motion to reconsider sentence and for a ruling upon that motion. Thank you, your honors. Thank you, Mr. Edwards. You still have the opportunity for rebuttal. Mr. Daly. Good morning, your honors. Please record. I do think that irrespective of how this court rules on the 604D certificate issue, you will have to address the second issue as well because it would be obviously something that would likely or most likely occur on remand. Acknowledging the fact that 604D requires strict compliance, of course, you run into the occasional odd situation, this one being one of those cases where an attorney probably trying zealously to comply with 604D by including as much information as possible doesn't include the information the way it should be included and rather just copying the language out of the rule. So I do acknowledge that from a language standpoint, it doesn't precisely pair it. The language in 604D, if this court ultimately determines that that's not strict compliance, then so be it. I do think that the language used by the attorney does not necessarily demonstrate a lack of strict compliance. It's true, as counsel points out, there appears to be a blending, if you will, 604 language with 651 post-conviction certificate language. The defense counsel talks about ascertaining contentions of a deprivation of constitutional rights. The argument could be made, I suppose, that in a situation where we're seeking or a defendant is seeking to have a plea withdrawn, it almost by its nature constitutes a constitutional right because the plea is to be withdrawn, most often in situations where it was not knowing or voluntary or willingly entered into either by mistake of law or fact and things of that nature. That said, of course, I don't deny that the court has a broader power to grant a motion to withdraw a plea if it just feels it should do so in the interest of justice. I just point out that oftentimes in the interest of justice is dovetailed with an argument that this wasn't really what I wanted to do in the first place. In any event, if you look at the motion to withdraw a plea filed by counsel in this case, counsel did state in fairly full detail both what we would immediately classify as constitutional issues in regards to proper 402 admonishments, etc., and things that you could probably fairly characterize as non-constitutional because the defendant was confused and rushed and not ready to do this, etc. So while the use of the word constitutional rights is probably not a proper use of an adjective or use of that particular phraseology, I don't think either that language in and of itself or in context of the motion here demonstrates a lack of strict compliance with Rule 604. With regard to the adequate presentation of court defendants' contentions, I guess it's just a matter of how you read this. From my perspective as I read this, it's sort of like saying this is what the defendant is saying. This is defendant's arguments to this court. It's not counsel's arguments. Counsel is presenting defendant's arguments on defendant's behalf much as Mr. Evers is presenting defendant's appellate arguments before this court. But that doesn't necessarily mean that Mr. Evers or counsel in this case exercised independent decision-making and analysis to determine the correct arguments. If you look at this case, there was an earlier motion to withdraw a guilty plea that this particular counsel then amended. And there's a significant difference between that prior motion and the current motion. So I think that that demonstrates that obviously counsel in this case exercised his independent discretion in articulating a full set of reasons to have the plea withdrawn before the court withdraw the plea. Now, when the counsel said they reviewed the entire record of pleas, sentencing, motion to withdraw a guilty plea in a colored court decision, that's probably the sterling example of saying too much. You can say a lot less and make the point better. I do note, though, that I attempt to contrast this with one case, and I'm not doing this as a strongman argument. I'm just, as a matter of delineating a circumstance where you can't find a strict compliance where counsel averts that he reviewed the transcripts of the plea, transcripts of the sentencing, et cetera. Here at court, the defendant's counsel stated that he reviewed the entire record of the plea, sentencing, motion to withdraw a guilty plea in a colored court decision. And truth be told, that's the only record there really is in this case that constitutes basically the charge to write to the guilty plea. So it's not really an accurate assessment, and you can't say that there was not strict compliance because that was the record, the entire record. With regards to the motion to reconsider sentence, it wasn't really a motion per se. It was an oral motion, and it kind of came out in the context of a claim of ineffective assistance of counsel where the defendant had argued that, well, counsel hadn't been effective because he had known that 55 years was an abuse of discretion. And then counsel then stated, you know, if we'd like to have that sentence changed, the circuit court picked up on that and said, well, I don't have the authority to grant a motion to reconsider sentence. And in that regard, I believe the court is correct. I'm going to let the Supreme Court speak for me in this regard. In evidence, people, the evidence, and we all agree before I get into this, this was a negotiated as to care. So it was a partially negotiated plea that was a mutual agreement. The state gives this up, the defendant agrees to be guilty. It's the following entry of judgment on a negotiated guilty plea. Even if the defendant wants to challenge only his sentence, he must move to withdraw his guilty plea and vacate the judgment so that the parties are returned to the status quo. So I think the Supreme Court's made clear that if you're not happy with the sentence, your remedy is not by a motion to reconsider sentence. The circuit court's remedy is not granting a motion to reconsider sentence. The way you get around the sentence is if the plea itself is withdrawn and the parties return to the initial position, but that's not what the defendant is asking for here. I'll get to that in a moment. Let's go to Linder. Now, Linder was decided right before the amendments of the Supreme Court rule. And the amendments of the defendant is relying heavily on here. Linder states, quote, I agree to plead guilty in exchange for a sentencing cap. Defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it was excessive. But now apparently the defendant thinks he can do that. Of course, why would the Supreme Court articulate this and then a year later draft a rule granting what initially said you can't do? Well, it makes no sense. I think if you look at those two, and those really are the standards, and the defendant tries to articulate it as well in terms of appellate jurisdiction and things of that nature. But these two quotes that I give to you, they're the standards for what the defendant agrees to at the trial court and what the defendant is bound by. And I think what the defendant is sort of glossing over here in this argument today is that when you have a negotiated guilty plea, both sides are giving up something here. The defendant's agreeing to plead guilty. The state is giving up its full range of sentencing options, being up to the maximum, being extended term sentence, et cetera. Okay, it's a mutual agreement. And the result of that mutual agreement is I think what the court is getting at here in both Adams and Linder is that when you do that, you get what you asked for. The defendant got what he asked for. He got a sentence with a negotiated cap. Now to say that he can come in here and ask for that cap that he agreed to and that the state had granted concessions for, that the court can then reconsider that. And unilaterally ask for that, even though the state had already given up something in exchange for that, makes no sense either in the context of Adams and Linder. It makes no sense in the context of Rule 604. So I would reject, and this court should reject, the argument that the defendant is entitled to have his motion reconsidered such as it is considered by the circuit court, even in the event this court determines a remand is necessary for strict compliance with the Missing Persons Act. Court, do you have any questions? Thank you. Thank you, Mr. Daly. Mr. Evers, do you have a rebuttal? Yes, Your Honor. The state talks about here that the blending of that certificate was providing as much information as possible, and they talk about that a little bit in their brief. But the key point for that is that this blending does not provide as much information as possible that expands what counsel was supposed to do. That information limits, constricted, caused the attorney to say that he was doing less than what he was required to do. Consequently, that is not strict compliance with Rule 604D. In terms of the motion to reduce sentence, it is a liberal construction of the motion withdraw guilty plea to say that there was a motion to reconsider sentence. But that was a liberal construction which was recognized by the circuit court. And the circuit court recognized that the defendant was asking for a reconsideration of the sentence and a reduction of the sentence if the circuit court believed that would be in the interest of justice. The state did not object to that at the trial court level. There was no objection. Why is there no objection? The state recognized that a liberal construction was that there was a motion to reconsider sentence. The state recognizes that if they just say, we object, there has to be a written motion saying more, then the court is going to allow the defense to file a written motion more fully explaining what it's trying to do. And the state didn't want to drag that out. They wanted to have it in there, and they asked the circuit court to just not reduce the sentence, asked the circuit court to find that it was not allowed to be filed. And so the circuit court determined that it did not have the authority to reduce the sentence and excluded its discretion in doing so. Again, the state talks about the Illinois Supreme Court cases of lender and evidence, and I have to admit that there is that language in lender that would seem to indicate that they're talking about you cannot do anything once the circuit court imposes the sentence. What I have to point out is that right after a lender was decided, the rule itself was amended. And the rule talks about no appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant within 30 days of imposition of sentence files a motion to withdraw the plea of guilty and make a judgment. Well, that was done here. But still, that sentence is modified at the very beginning by saying no appeal shall be taken, and it's the language of no appeal. The defendant was not asking for an appeal of the excessiveness of the sentence, and I don't have to really fight that battle. He was only asking for the circuit court to exercise its discretion, exercise its authority in considering whether the sentence should be reduced or should be upheld. And in terms of that, again, the state does not explain how its bargain is impaired by that, how it is hurt by its negotiated agreement that a 20-year sentence of imprisonment could be imposed by the circuit court. Now, the word implied is used in Lender and Evans in that the defendant, by implication, is agreeing to these things, and whether the defendant really understands these things, we don't know. And what he knows about what the agreement is and the negotiation is, he's not really ever told that once sentence is imposed, he can never make an argument against it. He's not told that once sentence is imposed, he can't appeal it later. Consequently, we ask your honors to remand for a hearing on the motion to draw guilty or on the motion to reduce sentence. Thank you. Thank you, Mr. Evers. Thank you, Mr. Dale.